UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIAH LEWIS,<br><br>    Plaintiff,<br><br>    v.<br><br>BENEFICIAL CALIFORNIA, INC., et al.,<br><br>    Defendants. | Case No. 4:17-cv-03575-KAW<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 45 |

On June 21, 2017, Plaintiff Isiah Lewis ("Plaintiff") filed the instant suit against Defendant Beneficial California, Inc. ("Beneficial") and Beneficial Management Corporation of America ("BMCA") (collectively referred to as "Defendants"), alleging (1) breach of contract, (2) accounting, and (3) violation of the Fair Credit Reporting Act. (Compl., Dkt. No. 1.) Plaintiff also filed an application to proceed *in forma pauperis*, which the Court granted on July 19, 2017. (Dkt. Nos. 3, 7.) On July 13, 2018, Defendants filed a motion for judgment on the pleadings. (Defs.' Mot., Dkt. No. 45.) Defendants also filed a request for judicial notice ("RJN") in support of their motion for judgment on the pleadings. (RJN, Dkt. No. 46.) On August 28, 108, Plaintiff opposed the motion for judgment on the pleadings. (Pl.'s Opp'n, Dkt. No. 57.) Plaintiff also filed an objection to Defendants' request for judicial notice. (Pl.'s RJN Obj., Dkt. No. 59.) Defendants replied to the opposition on August 31, 2018. (Defs.' Reply, Dkt. No. 60.) The Court deemed the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b), and vacated the November 1, 2018 hearing. (Dkt. No. 54.) Upon consideration of the parties' filings and for the reasons set forth below, Defendants' motion for judgment on the pleadings is GRANTED.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On June 21, 2017, Plaintiff filed a Complaint against Defendants Beneficial and BMCA in the United States District Court for the Northern District of California. Plaintiff brought three

1 claims against Defendants, including (1) a breach of contract claim, (2) an accounting claim, and
2 (3) a claim for violation of the Fair Credit Reporting Act. (Compl. at 5, 6.)
3    On January 31, 1991, Plaintiff entered into a contract with Beneficial to borrow
4 $150,595.00 with an annual percentage rate of 15.64% per year. (*Id*. at 3.) As a term of the
5 contract, Plaintiff gave Beneficial a security interest in the real property located at 2744 Green
6 Island Road, Napa, California. (*Id*.) Plaintiff, as trustor, executed a Short Form Deed of Trust and
7 Assignment of Rents ("Deed of Trust") to BMCA, as trustee, and Beneficial as beneficiary. (*Id*.)
8 The terms of the Deed of Trust state that:"[t]rustor requests that a copy of any notice of default
9 and of any notice of sale under the deed of trust be mailed to him at his address herein set forth."
10 (Defs.' Mot. at 5.) On or around January 31, 2006, Beneficial granted, assigned and transferred all
11 the beneficial interest under the Deed of Trust dated January 31, 1991 to Timothy E. Hussey
12 ("Hussey") without representation, recourse or warranty. (Compl. at 4.)
13    Plaintiff alleges that neither Beneficial nor BMCA gave him notice of the transfer
14 according to the terms of the Deed of Trust. (*Id*.) Plaintiff claims that he had no knowledge of the
15 transfer and that Defendants failed to provide him with notice of it. (*Id*.) Plaintiff further avers that
16 he continued to make payments on the contract to Beneficial according to the terms of the original
17 January 31, 1991 Deed of Trust, as he was unaware of the transfer of the Deed of Trust from
18 Beneficial to Hussey that occurred on January 31, 2006. (*Id*.) In addition, Plaintiff asserts that
19 Defendants breached the contract by failing to give Plaintiff notice of the assignment, transfer and
20 sale of all beneficial interest under the Deed of Trust occurring on January 31, 2006. (*Id*.)
21    Moreover, Plaintiff contends that Hussey foreclosed the property without giving Plaintiff
22 any notice and caused him damages. (Pl.'s Opp'n at 2.) On or around October 2008, Plaintiff was
23 ejected from the property because of the foreclosure. (*Id*. at 3.) Unaware of the transfer of the
24 Deed of Trust, Plaintiff states he still paid Beneficial under the original January 31, 1991 Deed of
25 Trust agreement executed before the foreclosure. (*Id*. at 2.) On January 26, 2016, Plaintiff alleges
26 he discovered the transfer of the Deed of Trust through documents that Plaintiff requested
27 Beneficial to produce. (*Id*.) Plaintiff further argues that he has no means of ascertaining the exact
28 amount of money that Defendants owe him, and that amount of money can only be ascertained by

a full and complete accounting of all transactions made by Defendants with respect to the funds deposited by Plaintiff. (Compl. at 6)

Furthermore, Plaintiff asserts that when Beneficial transferred the loans and the Deed of Trust to Hussey, Beneficial continued to falsely report Plaintiff's credit by stating that Plaintiff maintained an open account for approximately $90,000, when in fact there was no money owing to the account and the account was closed. (*Id*. at 7.) Plaintiff thus alleges that Defendant violated the Fair Credit Reporting Act ("FCRA"). (*Id*.)

On July 13, 2018, Defendants filed a motion for judgment on the pleadings. (Defs.' Mot.) Plaintiff filed an opposition on August 28, 2018. (Pl.'s Opp'n.) Defendants filed a reply on August 31, 2018. (Defs.' Reply.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed but early enough so as to not delay trial. Judgment on the pleadings is proper "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

A "motion for judgment on the pleadings faces the same test as a motion under Rule 12(b)(6)." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). In determining whether a moving party has satisfied this standard, a court treats the opposing party's allegations as true, and construes them in the light most favorable to that party. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) (citation omitted). Yet, "[c]onclusory allegations of law and unwarranted inferences are insufficient to avoid" dismissal. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

In ruling on a motion for judgment on the pleadings, a court may consider exhibits attached to the pleadings, *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987), and facts which may be judicially noticed, *Mullis v. United States Bankr. Court.*, 828 F.2d 1385, 1388 (9th Cir. 1987). When a court grants a Rule 12(c) motion, leave to amend should be freely given if it is possible that further factual allegations will cure any defect. *See Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013). The decision of whether to grant leave to amend nevertheless

3

remains within the discretion of the district court. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). In assessing whether a case should be dismissed with prejudice and without leave to amend, a court should consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Lawson v. JPMorgan Chase Bank, N.A.*, No. C14-5133 RJB, 2014 WL 12561148, at *5 (W.D. Wash. Apr. 16, 2014). Futility alone can justify the denial of a motion for leave to amend. (*Id*.)

## III. DISCUSSION

Plaintiff maintains that he suffered damages from Defendants' breach of contract and requests an accounting for damages incurred from that breach. Plaintiff also alleges that Defendants violated the FCRA. Defendants contend that all of Plaintiff's claims fail.

### A. BREACH OF CONTRACT

Defendants argue that the claim for breach of contract fails because: (1) Defendants did not breach, (2) Plaintiff did not suffer damages proximately caused by the conduct of Defendants, and, (3) Plaintiff's breach of contract claim is time-barred. (Defs.' Mot. at 3.)

In California, the standard elements of a claim for breach of contract are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the damage to plaintiff therefrom. *Wall St. Network, Ltd. v. N.Y. Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008). Defendants first argue that the language in the contract that Plaintiff alleges Defendants breached could not have been breached because it was phrased as a request, not as an obligation. (Defs.' Mot. at 5.) Specifically, the provision states, "[t]rustor requests that a copy of any notice of default and of any notice of sale under the deed of trust be mailed to him at his address herein set forth." (Compl., Ex. A at 5.) Defendants assert that since the language in the provision was phrased as "a request," they could have complied as a courtesy or favor, but were not obligated to do so. (Defs.' Mot. at 5.) Defendants also aver that the notices in the provision refer to notices of foreclosure, not the notice for the sale or transfer of the loan. (*Id*.) [1]

---

[1] Under the Real Estate Settlement Procedures Act of 1974 ("RESPA"), "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or

4

In response, Plaintiff argues that the terms of the Deed of Trust require Defendants to directly mail Plaintiff notice of any default or sale. (Pl.'s Opp'n at 2.) Plaintiff claims damages of loss of property caused by Defendants' failure to comply with the terms of the Deed of Trust, which ultimately resulted in foreclosure to Hussey. (*Id*.) Plaintiff and Defendants have different interpretations of the meaning of the language in the provision about notice of default and notice of sale. Whether the language "notice of sale" in that provision is to be referred to as a foreclosure is a question arising out of the differing interpretations of the parties. Thus, for the purpose of a motion for judgment on the pleadings, the Court finds that Plaintiff has pled sufficient facts for his breach of contract claim.

Second, Defendants argue that the claim for breach of contract fails because Plaintiff did not suffer damages. (Defs.'Mot. at 7.) A dispute exists over whether or not there was a foreclosure. Plaintiff pleads that he suffered damages from Defendants' failure to send him the notice of transfer, which caused him to lose his property in a foreclosure to Hussey. (*Id*.) Defendants counter that Plaintiff's claim is false because Hussey did not foreclose and released the Deed of Trust in March of 2007, after Plaintiff apparently paid off the loan. (*Id*.) Additionally, Defendants attach a Substitution of Trustee and Deed of Reconveyance in their RJN and argue that such document proves that there was no foreclosure. (RJN, Ex. C.) Defendants further argue that even assuming Hussey had foreclosed, Defendants' alleged failure to notify Plaintiff about the transfer of the deed did not proximately cause Plaintiff's loss. (Defs.'Mot. at 7.) The Court does not agree with Defendants' argument that the Substitution of Trustee and Deed of Reconveyance conclusively proves that there was no foreclosure. Moreover, Defendants' argument that Plaintiff did not suffer damages not only requires the Court to look beyond the pleadings, but also unnecessarily requires Plaintiff to prove his claims. In considering a motion for judgment on the pleadings, a court must take all allegations of material fact as true and construe them in the light

---

transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b)(1). Although Defendants argue that they were not obligated to comply with the Deed of Trust provision to send Plaintiff a notice, they still had a statutory duty to send a written notice of transfer to Plaintiff under RESPA. However, RESPA violation claims have a statute of limitations of three years. 12 U.S.C. § 2614. Since Defendants' alleged failure to send a notice occurred on January 31, 2006, Plaintiff would not be able to bring a RESPA violation claim because it would be time-barred.

most favorable to the nonmoving party. *O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 995 (N.D. Cal. 2014). In the context of ruling on a Rule 12(c) motion, a court is generally limited to the contents of the complaint. (*Id*.) To survive a motion for judgment on the pleadings, Plaintiff need not prove his claims as true. In the present case, the Court finds that Plaintiff has pled enough facts to support the claim that he suffered loss of property, and that loss was allegedly caused by Defendants' breach of contract.

Finally, Defendants argue that the breach of contract claim is time-barred. (*Id*.) Plaintiff claims that Defendants breached the contract when they transferred the loan to Hussey in 2006 and failed to send Plaintiff notice of such transfer. (*Id*.) Plaintiff argues that the foreclosure by Hussey ultimately led to an eviction by the sheriff, who physically ejected Plaintiff from the property on or around October 2008. (Pl.'s Opp'n at 2-3.) Plaintiff additionally contends that his claim is not time-barred because despite continually contacting Beneficial regarding the foreclosure, he did not receive information from Defendants regarding the property being settled for $50,000 until June 25, 2016. (*Id*. at 7.)

The Court finds that Plaintiff's claim is time-barred. Under California law, the statute of limitations for a breach of contract claim is four years. Cal. Civ. Proc. Code §337. The limitations period runs from the moment a claim accrues, and a breach of contract claim generally accrues at the time of the breach. *Power Quality & Elec. Sys., Inc. v. BP W. Coast Prod. LLC*, No. 16-CV-04791 YGR, 2016 WL 6524408, at *4 (N.D. Cal. Nov. 3, 2016). California applies the discovery rule to breach of contract claims when breaches are committed in secret and the harm flowing from such breaches are not reasonably discoverable by plaintiffs until a future time. (*Id*. at *5.) If a plaintiff becomes aware of facts which would make a reasonably prudent person suspicious, he has a duty to investigate further and is charged with knowledge of matters which would have been revealed by such an investigation. (*Id*.) In order to satisfy the discovery rule, Plaintiff must adequately allege that, in the exercise of reasonable diligence, he could not have discovered the facts at an earlier date. (*Id*. at *6.)

In *Power Quality*, an assumption to the plaintiffs' argument was that the liens had been withdrawn by the defendant earlier; however, when the plaintiffs received a termination notice,

6

they contacted the defendant's representative but did not receive a response despite making several follow-up calls. (*Id.*) The *Power Quality* court found that several follow-up calls by the plaintiffs and the defendant's failure to return these calls were not sufficient to demonstrate that plaintiffs were unable to discover the alleged wrongdoing earlier with reasonable diligence. (*Id.* at *5.) Thus, the plaintiffs' allegations did not satisfy the discovery rule. (*Id.*)

In the instant case, Plaintiff's allegation that he did not receive the information regarding the property being settled for $50,000 until June 25, 2016 despite continually contacting Beneficial is insufficient to satisfy the discovery rule. Even assuming, as true, Plaintiff's allegation that Defendants failed to send Plaintiff a notice after the transfer of the Deed of Trust to Hussey in 2006, Plaintiff should have been effectively notified and compelled to start his investigation on the status of his loan when he was physically removed from the property in 2008 at the latest.[2] However, Plaintiff did not file an action against Defendants until 2017, which is five years after the time the allowed statutory period to file a breach of contract claim expired in 2012. In other words, the latest that Plaintiff could have brought his claim was 2012, assuming that he was ejected from his property in 2008. The ejection started the tolling of the statute of limitations because that was when Plaintiff became aware of the alleged breach of contract and suffered damages.

Accordingly, the Court finds that Plaintiff's breach of contract claim is time-barred. Thus, judgment on the pleadings is entered in favor of Defendants on the breach of contract claim.

### B. ACCOUNTING

Plaintiff additionally alleges that on January 27, 2006, Defendants transferred, sold and assigned his property to Hussey for $50,000 but still continued to collect, receive and deposit payments from him. (Compl. at 6.) Plaintiff also argues that Defendants have failed and refused to pay this money owed back to Plaintiff, and that Plaintiff has no means of knowing the exact amount of money that is in the possession of Defendants because such amount can only be ascertained by a full and complete accounting of all transactions made by the Defendants. (*Id.*)

---

[2] Plaintiff was likely put on notice by the notice of default and notice of foreclosure sale before the foreclosure occurred.

Defendants responsively argue that the accounting claim fails because: (1) there is no current relationship, fiduciary or otherwise, between Defendants and Plaintiff since Defendant Beneficial sold the loan to Hussey in 2006, (2) no accounting is necessary, (3) there is no antecedent claim, (4) Plaintiff is the party that owns the money, and (5) the claim is time-barred. (Defs.' Mot. at 8.)

Defendants cite *Janis v. California State Lottery Commission* to argue that a right to an accounting must be based on other claims. 68 Cal. App. 4th 824, 833-834 (1998). Some courts have indeed held that "an accounting is merely an equitable remedy, and therefore cannot be maintained as an independent cause of action." *Fradis v. Savebig.com*, No. CV 11-07275 GAF JCX, 2011 WL 7637785, at *8 (C.D. Cal. Dec. 2, 2011). However, other courts have concluded that an accounting can exist as an independent equitable cause of action. *See, e.g.*, *Rutherford v. FIA Card Services., N.A.*, No. CV 13-02934 DDP MANX, 2014 WL 4402231, at *3 (C.D. Cal. Sept. 5, 2014). A cause of action for an accounting requires that "a relationship exist between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." (*Id*.) Though the relationship giving rise to an accounting claim need not necessarily be a fiduciary one, courts typically require that it reflect some degree of confidentiality or closeness. (*Id*.)

Under California law, the relationship between a lending institution and its borrower-client is not fiduciary in nature. *Vann v. Aurora Loan Servs. LLC*, No. 10-CV-04736-LHK, 2011 WL 2181861, at *3 (N.D. Cal. June 3, 2011). Loan servicers, like lenders, generally do not owe borrowers any fiduciary duty. (*Id*.) Plaintiff's claim merely stating "[t]he amount of money that Defendants owe him can only be ascertained by accounting" is a conclusory allegation. That is, Plaintiff has not alleged that he is a wronged fiduciary capable of seeking an accounting against Defendants. Thus, the Court finds Plaintiff's allegations are insufficient to establish that Plaintiff and Defendants shared the type of relationship that would give rise to an independent accounting claim.

Accounting actions are also only appropriate when the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable. *Lundy v. Selene Fin., LP*, No. 15-CV-05676-JST, 2016 WL 1059423, at *18 (N.D. Cal. Mar. 17, 2016). "An action for accounting

is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009). Here, the Court finds that there are no facts to support complicated accounts having difficult-to-calculate sums. Plaintiff asserts that he continued to pay the monthly payment after Beneficial transferred the Deed of Trust to Hussey on January 27, 2006, until he was ejected from the property in October 2008. (Pl.'s Opp'n at 3.) Thus, Plaintiff would have the ability to ascertain what he allegedly paid on his loan. Since Plaintiff did not proffer sufficient factual allegations that would give rise to an independent accounting claim, the Court finds that Plaintiff's claim lacks facts to support an accounting, especially given that the breach of contract claim has been dismissed, as explained above.

Accordingly, the Court finds that Plaintiff's accounting claim fails as a matter of law.

### C. VIOLATION OF FCRA

Finally, Plaintiff alleges that while he continued to pay monthly payments after Defendants transferred the Deed of Trust to Hussey, Beneficial violated the FCRA by continuing to falsely report that Plaintiff maintained an open account for approximately $90,000. (Compl. at 7.) Specifically, Plaintiff asserts that after October 2008, Beneficial falsely reported to the Credit Bureau that he was delinquent on his loan. (Pl.'s Decl. at 2.) Defendants argue that the FCRA claim fails because there is no private right of action for inaccurate reporting against a furnisher. (Defs.' Mot. at 9.) Plaintiff alleges that he has a private right of action pursuant to 15 U.S.C. § 1681o, because Defendants were negligent in failing to comply with any requirement imposed under that statute. Title 15 U.S.C. § 1681o provides remedies conditioned upon either willful or negligent failure to comply with duties imposed under the FCRA, but in the absence of violation of some other section under the Act, there is no liability. *Hansen v. Morgan*, 582 F.2d 1214 (9th Cir. 1978).

Under 15 U.S.C. §1681s-2(a), consumers have no private right of action against a furnisher of false information. However, under 15 U.S.C. §1681s-2(b), a plaintiff has standing to pursue a claim because this section imposes additional obligations (such as a duty of investigation) on credit information furnishers, only after they have been notified by a credit bureau that the

9

consumer disputes the accuracy of the credit information furnished. *Avila v. Quantum Servicing, C-O Reconstruct Co.*, No. CV 11-696-VBF(FFMX), 2011 WL 13220107, at *3 (C.D. Cal. Mar. 16, 2011). Even if a plaintiff sufficiently alleges that the information was inaccurately reported, that plaintiff still bears the burden of showing that the investigation initiated by any defendants was unreasonable. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). Here, Plaintiff fails to allege facts that relate to the privately enforceable section of the FCRA by not asserting that he reported any disputed credit information to a credit bureau or that any of the Defendants failed to investigate any disputed information. Thus, what Plaintiff alleges is insufficient to survive a motion for judgment on the pleadings.

Under the FCRA, a plaintiff must file his lawsuit not later than the earlier of (1) two years after the plaintiff discovers a violation that is the basis for liability or (2) five years after the date of the violation that is the basis for liability. 15 U.S.C. § 1681p.

In the present action, Plaintiff alleges that, after October 2008, Beneficial falsely reported to the credit bureau that he was delinquent on his loan, and that the loan was eventually reported as being "charged off." (Pl.'s Decl. at 2.)[3] Assuming that Plaintiff's allegation is true and that he also pled sufficient facts related to the privately enforceable section of the FCRA, the charge-off date would be on or around April of 2009. Since the violation happened in 2009, and Plaintiff did not bring a claim until 2017, this claim is time-barred by the five-year statute of limitations of the FCRA. However, in Plaintiff's opposition, he only asserts that Beneficial falsely reported a delinquency on the credit report for "several years." (Pl.'s Opp'n at 3.)

Without a specific timeline, there is undeniable ambiguity here regarding whether this claim was time-barred or not. Consequently, the Court will not resolve the inconsistency of the timeline in this Order.

//

---

[3] "Charge-off is defined as a declaration by a creditor that an amount is unlikely to be collected." *Frost v. Resurgent Capital Servs., L.P.*, No. 5:15-CV-03987-EJD, 2016 WL 3479087, at *1 (N.D. Cal. June 27, 2016). Traditionally, creditors will make this declaration after six months of nonpayment by the debtor. *Id*. Federal regulations require creditors to charge-off installment loans after 120 days of delinquency. *Id*. While the charge is considered uncollectable by the original lender, the debt is still legally valid and remains so after charge-off. *Id*.

Instead, the motion for judgment on the pleadings as to Plaintiff's FRCA claim is granted, and Plaintiff has leave to amend his complaint to sufficiently and timely plead a cause of action under 15 U.S.C. § 1681o of the FCRA, if he can truthfully do so.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion for judgment on the pleadings is GRANTED with prejudice and without leave to amend as to the breach of contract claim and the accounting claim because amendment would be futile.

Defendants' motion for judgment on the pleadings is GRANTED without prejudice and with leave to amend as to the FCRA claim. Plaintiff may file an amended complaint alleging the FCRA claim only no later than December 10, 2018.

**IT IS SO ORDERED.**

Dated: November 26, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge