Isiah Lewis
3505 Sonoma Blvd. Suite 20
Box 219
Vallejo, CA 94590
(707) 561-1239

Plaintiff in Pro Se

FILED

2018 DEC 10  A 11: 26

SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIAH LEWIS<br><br>         Plaintiff,<br>vs.<br><br>BENEFICIAL CALIFORNIA et.al.<br><br>         Defendants. | Case No. 17-cv-03575-KAW<br><br>**FIRST AMENDED COMPLAINT** |

## JURISDICTION

1. Plaintiff is an individual residing in Vallejo, California and is a citizen of the state of California.

2. Defendant BENEFICIAL CALIFORNIA, INC (hereinafter "Beneficial") is a subsidiary corporation of HSBC Bank USA National Association, a foreign corporation doing business in the United States with it's headquarters in the state of New York.

- 1 -

PLAINTIFF'S FIRST AMENDED COMPLAINT - LEWIS VS. BENEFICIAL

3. Defendant Beneficial Management Corporation of America (hereinafter "BMCA") is a Delaware corporation, and is doing business in the United States with its headquarters in the state of Delaware.

4. The Court has subject matter jurisdiction over this action and the claims asserted in the complaint under 28 U.S.C. Section 1332 because:

   a. There is complete diversity of citizenship between the plaintiff and all defendants in this action, and

   b. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

5. This court has personal jurisdiction of Beneficial because it is present in and regularly conducts business in New York, New York and is subject to service of process in that state under Fed. R. Civ. P.4.

6. The court has personal jurisdiction of BMCA because it is present in and regularly conducts business in Delaware and is subject to service of process in this state under Fed. R. Civ. P.4.

7. Venue is proper in this court under 28 U.S.C. Section 1391 (a) because substantial portion of the events or omissions giving rise to the claim asserted in this complaint occurred within this judicial district.

8. In addition to diversity jurisdiction, this action is brought for penalties and damages due to violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. Section 1681 et. Seq.

9. Jurisdiction is conferred on this Court by the Fair Credit Reporting Act, 15 U.S.C. Section 1681 p.

## Factual Allegations

10. At all times mentioned herein Beneficial operated as a subsidiary of HSBC Finance Corp with it's headquarters at 425 5th Avenue, New York, NY 10018, and was doing business in the city of Fremont, Alameda County California.

11. Defendant BMCA is a corporation licensed to operate in the state of Delaware and was doing business in the city of Fremont, Alameda, California and was and is the alleged appointed Trustee under the Deed of Trust dated on or about January 31, 1991 for the subject property.

12. Plaintiff is ignorant of the true name and capacity of each defendant sued herein as DOES 1 through 10, inclusive and therefore sues those defendants by such fictitious names. Plaintiff will amend this complaint to include the true names and capacities of those defendants when they have been ascertained.

13. On January 31, 1991, Plaintiff entered into a contract with Beneficial, who extends credit to customers in the ordinary course of business, to borrow $150,595.00.

14. As a term of the contract, Plaintiff gave Beneficial a security interest in the Real Property located at 2744 Green Island Road, Napa, CA with a legal address attached hereto and incorporated herein by reference as Exhibit B, (herein "subject property").

15. On or around January 31, 2006, Beneficial granted, assigned and transferred the Deed of Trust and Assignment of Rents without representation, recourse or warranty to Timothy E. Hussey all the beneficial interest under that certain Deed of trust dated January 31, 1991.

16. Beneficial nor did BMCA ever give Plaintiff notice of the transfer according to the terms of the Deed of Trust and Assignment of Rents.

17. Unbeknownst of the transfer, Plaintiff continued to make payments on the contract to Beneficial according to the terms of the original January 31, 1991 Deed of Trust and Assignment of Rents, as Plaintiff did not have knowledge that Beneficial had breached the contract and failed to give

PLAINTIFF'S FIRST AMENDED COMPLAINT – LEWIS VS. BENEFICIAL

him notice according to the terms of the Deed of Trust of the assignment, transfer and or sell to Timothy F. Hussey.

18. Trustee, BMCA also failed to give Plaintiff notice of the assignment, transfer and sale of all the beneficial interest under the Deed of Trust to Timothy E. Hussey.

19. As a result of Defendants failure to give plaintiff notice that his property was assigned to a new owner, Plaintiff did not pay Timothy E. Hussey pursuant to the contract of January 31, 1991, causing him to lose the subject property in foreclosure to Timothy E. Hussey.

20. Plaintiff was in shock over losing his property and continued to contact Beneficial and BMCA for answers and an explanation of the foreclosure.

21. Each time Plaintiff contacted Beneficial he was told that there was an open account with a balance of approximately $90,00 still owing on the subject property.

22. At all times mentioned herein, Beneficial reported and continued falsely reporting an outstanding balance on Plaintiff's Experian, Transunion and Equifax credit reports in violation of the Fair Credit Reporting Act.

23. Finally, after many telephone and written inquiries, on or around June 25, 2016, Plaintiff received documents from Beneficial informing Plaintiff that, "[T]he loan was settled for $50,00 in January 2006, and the property was assigned to a new owner. There was no IRS 1099 C issued for the loan."

24. At that time, Defendant's were still falsely reporting on Plaintiff's credit report, Plaintiff lost purchase power of several subsequent properties and has been damaged in access $3,100,000.

25. Defendant has damaged plaintiff in the sum of $4,100,000 in recurring costs, and pain and suffering according to proof and reasonable legal fees.

**FIRST CLAIM FOR RELIEF**
**(Violations of the Fair Credit Reporting Act)**

- 4 -

26. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs one through 26 above.

27. At all times, the defendant Beneficial, in the ordinary course of its business regularly, offered to extend, and arranged for the extension of credit to its customers.

28. On January 31, 1991, Plaintiff and Defendants entered into a contract whereby Defendant granted Plaintiff credit in the amount of $150,595.00

29. Plaintiff continued to pay $1,9947.24 per month even after the loan was settled for $50,000 in January 2006, and the loan was assigned to a new owner.

30. When Defendant transferred and sold and assigned the loan and Deed of Trust to a new owner, Beneficial continued to falsely report on Plaintiff's credit report that Plaintiff maintained an open account for approximately $90,000 when in fact there was no money owing and the account was closed, in violation of the Fair Credit Reporting Act.

31. On or around July 2008, Plaintiff received a credit report from three Credit Reporting Agencies, Transunion, Experian and Equifax through 1st Credential Mortgage, Inc.

32. Each and every credit reporting agency reported that Plaintiff had an open account with Beneficial and that the account was open and Charged Off.

33. In or around May 10, 2010, when Plaintiff was in the process of financing a Real Property transaction, he was given a copy of his credit report from 1st Credential Mortgage, Inc. when the loan transaction was denied. At that time, Plaintiff was made aware that Defendants were still inaccurately reporting on his credit report that there was a mortgage loan still Open and Charged Off.

34. Plaintiff contacted Beneficial regarding the loss of the property and the reporting on his credit report via telephone messages and letters. Beneficial did not respond.

35. Plaintiff then contacted the three credit reporting agencies, Transunion, Equifax and Experian by sending them a letter disputing the false credit reporting.

36. Plaintiff received letters from each of the credit reporting agencies that they had investigated the reporting by contacting Beneficial and that the reporting by Beneficial was correct and that there would be no change to Plaintiff's credit report.

37. Plaintiff again attempted to contact Defendants and continued to do so until on or about March 1, 2006 both in writing and by telephone regarding the loss of the property and credit reporting but received no response from Defendants.

38. During this time, Plaintiff was denied loans to purchase several Real Properties because of the false reporting on his credit report showing that he had an open Mortgage loan and that it was Charged Off.

39. Defendants should have properly reported the account in good standing when the loan was sold for $50,000 to Timothy E. Hussey.

40. After the sale of the loan, Plaintiff's account should have been accurately reported to the Credit Reporting company as Closed.

41. Instead, Defendants and each of them continued falsely reporting the account as Charged Off, and reported the information even though they knew or should have known that the information was false.

42. Plaintiff contacted Defendants and each of them several times at their specified address notifying them of the inaccuracies.

43. Defendants and each of them failed to update the information in Plaintiff's credit report, and failed to notify the credit agency that Plaintiff's account was closed.

PLAINTIFF'S FIRST AMENDED COMPLAINT - LEWIS VS. BENEFICIAL

44. In or around June 25, 2016, Beneficial finally sent Plaintiff a letter that the loan was settled in 2006 for $50,000.

45. However, when Plaintiff checked his credit reports in or around June 25, 2016, the account still indicated that Plaintiff's beneficial account was Charged Off.

46. Plaintiff has been damaged by Defendants' false credit reporting because he has lost several opportunities to buy real property at reduced prices and various other business opportunities.

47. Because Defendants willfully violated the Fair Credit Reporting Act, Plaintiff is also entitled to punitive damages for the violation of each act.

## PRAYER

A. That a judgment be awarded in favor of the Plaintiff and against the Defendant in the amount of $3,100,000 in compensatory damages to Plaintiff for loss of business opportunities because of Defendant's violation of the Fair Credit Reporting Act.

B. An award of plaintiff's reasonable attorney's fees.

C. That the plaintiff also be awarded prejudgment interest according to law on the sums awarded as compensation.

D. That the plaintiff be awarded exemplary or punitive damages in an amount to be determined at trial.

E. That the plaintiff be awarded its costs of suit.

F. That the plaintiff be awarded post-judgment interest at the judgment rate on all sums awarded from the date that the judgment is entered until the date that it is fully satisfied.

G. That plaintiff be granted any and all further relief that may be just and property.

Dated: 12-9-2018

Isiah Lewis, Plaintiff

PLAINTIFF'S FIRST AMENDED COMPLAINT – LEWIS VS. BENEFICIAL

3505 Sonoma Blvd, Ste. 119
Vallejo, California
(707) 561-1239

**PROOF OF SERVICE**

I am a citizen of the United States, over 18 years of age, and not a party to the entitled action. On December 10, 2018, I served the defendant Beneficial and BMCA as follows:

Paul A. Grammatico
Katten Muchin Rosenman LLP
515 South Flower Street, Suite 1000
Los Angeles, CA 90071-2212

By placing a true and correct copy thereof in a sealed envelope vial fully prepaid United States Postal Service mail with the following document:

**FIRST AMENDED COMPLAINT**

I Declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct and that this declaration was executed on December 10, 2018, in Oakland, California.

By: _____