Stuart M. Richter (SBN 126231)
Gregory S. Korman (SBN 216931)
Paul A. Grammatico (SBN 246380)
**KATTEN MUCHIN ROSENMAN LLP**
515 S. Flower St., Suite 1000
Los Angeles, CA 90071-2212
Paul.grammatico@kattenlaw.com
Telephone: 213.443.9017
Facsimile: 213.443.9001

Attorneys for defendants, BENEFICIAL FINANCIAL I INC., erroneously sued as Beneficial California, Inc., and BENEFICIAL MANAGEMENT CORPORATION OF AMERICA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND COURTHOUSE

| | |
|---|---|
| ISIAH LEWIS,<br><br>Plaintiff,<br><br>vs.<br><br>BENEFICIAL CALIFORNIA, INC., A SUBSIDIARY OF HSBC BANK USA NATIONAL ASSOCIATION; BENEFICIAL MANAGEMENT CORPORATION OF AMERICA, & DOES 1-10<br><br>Defendants. | Case No. 4:17-cv-03575-KAW<br>Hon. Kandis A. Westmore<br><br>**Defendants, Beneficial Financial I Inc. and Beneficial Management Corporation of America's Reply to Opposition to Motion to Dismiss First Amended Complaint**<br><br>Date:       February 7, 2019<br>Time:      1:30 p.m.<br>Place:     1301 Clay Street<br>              Oakland, CA<br><br>Complaint Filed:  June 21, 2017<br>FAC Filed:          December 10, 2018 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Defendants argue in their Motion to dismiss the FAC that Plaintiff has failed to plead (and cannot plead) a claim under the FCRA because there are no allegations that Defendants were notified of a credit reporting dispute from a CRA and that they failed to conduct a reasonable investigation in light of information received from the CRA. Defendants argue further that, even if Plaintiff could plead the essential elements of a FCRA claim, it would still be time-barred because the credit reporting dispute in question was submitted (and, thus, would have been investigated) in 2010. Plaintiff filed an opposition to the Motion on January 4, 2019; however, the opposition does not (and cannot) point to any part of the FAC that contains the required allegations, nor does it call into question the inescapable fact that Plaintiff was aware of the alleged inaccurate and complained about at least as early as 2010. This Motion should now be granted without leave to amend and judgment entered in favor of Defendants.

## II. PLAINTIFF DOES NOT PLEAD SUFFICIENT FACTS TO STATE A FCRA CLAIM.

"To state a FCRA claim under § 1681s-2(b) against a furnisher of information, a consumer must allege that 1) the furnisher provided inaccurate information to the credit reporting agency (CRA); 2) the CRA notified the furnisher of a dispute; and 3) the furnisher failed to conduct a reasonable investigation into the accuracy of the disputed information, in light of the information provided to it by the CRA." *Webber* v. *Capital One, National Association*, No. 18cv0864 (JM) (MDD), 2018 WL 3870051, at *2 (S.D. Cal. Aug. 15, 2018) (internal quotations omitted).

Defendants argue in the moving papers that Plaintiff fails to plead elements two and three. In opposition, Plaintiff contends that this information is contained in paragraphs 37 and 43. Opp., p. 3: 9-22. Plaintiff is wrong. Paragraph 37 states that "Plaintiff again attempted to contact Defendants and continued to do so . . . but received

no response from Defendants." FAC, ¶ 37. Paragraph 43 states that "Defendants . . . failed to update the information in Plaintiff's credit report, and failed to notify the credit agency that Plaintiff's account was closed." *Id.*, ¶ 43. Neither of these allegations establishes that (1) Defendants were ever notified by a CRA about a credit reporting dispute, nor that (2) Defendants failed to conduct a reasonable investigation based on information provided by the CRA. Accordingly, the FAC fails on its face as it does not allege essential elements of a FCRA claim.

## III. ANY CLAIM WOULD BE TIME-BARRED BECAUSE THE CREDIT REPORTING DISPUTE WAS ALLEGEDLY SUBMITTED IN 2010.

As argued in the moving papers, Plaintiff's allegations establish that any FCRA claim (even if it could be pleaded correctly) is time-barred. Plaintiff concedes he had seen his credit report and was aware of the inaccurate reporting as early as July 2008. *Id.*, ¶ 31. Thereafter, he submitted credit reporting disputes to the credit reporting agencies in 2010, who verified that the reporting was accurate. *See id.*, ¶¶ 34-36. Because the claim accrued in 2010 (at the latest) but Plaintiff did not file until 2017, it is barred by the two-year statute of limitations based on Plaintiff's discovery. Even if there were a plausible argument (and there is not) that Plaintiff had not discovered the violation by 2010, the claim would still be barred by the five year period of repose of 15 U.S.C. 1581p(2) because the date of the violation was 2010 (when Defendants would have responded to the CRA's about the credit reporting disputes). *See Carrington v. Santander Consumer U.S.A., Inc.*, 17-cv-00038-KJD-NJK, 2018 WL 4682319, at *2 (D. Nev. Sept. 28, 2018), *appeal docketed*, No. 18-17098 (9th Cir. Oct. 29, 2018) (two year statute of limitations barred FCRA claim where "Plaintiff should have discovered . . . that inaccuracies were continuing to be reported by [the credit furnisher].").

Plaintiff contends that the claim is not time-barred because he learned in 2016 that "his loan was not charged off but settled for $50,000.00." Opp., p. 4: 13. Plaintiff is mistaken. His argument (though unclear) appears to be that the FCRA statute of limitations is somehow linked to when he became aware of precisely how Defendants

disposed of his loan; but that is not the case. "The statute of limitations begins to run on the date a reasonably diligent Plaintiff would have discovered the facts constituting the violation." *Carrington*, 2018 WL 4682319, at *2. The relevant facts in this case pertain to Defendants' investigation of the alleged erroneous credit reporting, not Defendants' communications to Plaintiff about whether the loan was charged off or sold (or both, as appears to be the case). That is true because the gravamen of a FCRA claim against a furnisher of credit information (as Plaintiff's claim here purports to be) is the furnisher's investigation of disputed information once the furnisher receives notification of a dispute from a credit reporting agency. *See, e.g., Nissou-Rabban v. Capital One Bank (USA), N.A.*, 285 F. Supp. 3d 1136, 1151 (S.D. Cal. 2018) ("The Ninth Circuit has emphasized that an investigation for the purposes of the FCRA 'is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate.'" (quoting *Gorman v. Wolpoff & Abramson*, 584 F.3d 1147, 1161 (9th Cir. 2009)). Here, it is undisputed that Plaintiff **knew** of the alleged credit reporting inaccuracies in 2010 and actually submitted the only alleged dispute to the CRA's in 2010, which means that any investigation that Defendants theoretically did perform would have also occurred in 2010. *See* FAC, ¶¶ ¶¶ 33-36; *Stewart v. Equifax Info. Servs., LLC*, 320 F. Supp. 3d 1186, 1201 (D. Kan. 2018) ("FCRA requires a furnisher to complete its investigation within 30 days. *See* 15 U.S.C. § 1681s–2(b)(2) (requiring furnishers to complete the investigation requirements within the 30 days specified by 15 U.S.C. § 1681i(a)(1))."). Plaintiff cannot avoid these facts through artful pleading or cherry-picking other allegations in the FAC. Because Plaintiff did not file this action until 2017, there is no possible way it is not time-barred.

## IV. CONCLUSION.

Plaintiff fails to plead a FCRA claim against Defendants and, even if he could plead such a claim, the allegations in the FAC establish conclusively that it is time-barred. This case should be dismissed and judgment entered in favor of Defendants.

Dated: January 9, 2019

**KATTEN MUCHIN ROSENMAN LLP**
Stuart M. Richter
Gregory S. Korman
Paul A. Grammatico

By: _____/s/Paul A. Grammatico_____
Attorneys for defendants
Beneficial Financial I Inc. and Beneficial Management Corporation of America

**CERTIFICATE OF SERVICE**
*Isiah Lewis v. Beneficial California, Inc., et al.*
USDC Northern District of California – Oakland Courthouse
Case No: 4:17-cv-03575-KAW

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Katten Muchin Rosenman LLP, 515 S. Flower Street, Suite 1000, Los Angeles, CA 90071. January 10, 2019, I served the foregoing documents described as:

**DEFENDANTS, BENEFICIAL FINANCIAL I INC. AND BENEFICIAL MANAGEMENT CORPORATION OF AMERICA'S REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

| | |
|---|---|
| X | I electronically filed the foregoing document using the CM/ECF system which automatically sends notification of such filing to all counsel of record and or parties in this case. |
| X | **BY U.S. MAIL.** I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business to the address listed below:<br>Isiah Lewis<br>3505 Sonoma Blvd., Suite 20<br>Box 219<br>Vallejo, CA 94590<br>Telephone: 707-561-1239 |

I declare that I am employed in the office of a member of the bar of this Court and whose direction the service was made.

Executed on January 10, 2019 at Los Angeles, California.

_____
Lora Anderson