# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIAH LEWIS,<br><br>    Plaintiff,<br><br>v.<br><br>BENEFICIAL CALIFORNIA, INC., et al.,<br><br>    Defendants. | Case No. 4:17-cv-03575-KAW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 73 |

On December 21, 2018, Defendants Beneficial California, Inc. and Beneficial Management Corporation of America filed a motion to dismiss Plaintiff Isiah Lewis's first amended complaint.

On February 7, 2019, the Court held a hearing, and, after careful consideration of the parties' arguments and the applicable legal authority, for the reasons set forth below, the Court GRANTS Defendants' motion to dismiss with prejudice, because any amendment would be futile.

## I. BACKGROUND

On June 21, 2017, Plaintiff Isiah Lewis filed a complaint against Defendants Beneficial California, Inc. and Beneficial Management Corporation of America, alleging breach of contract, accounting, and violation of the Fair Credit Reporting Act.

On January 31, 1991, Plaintiff entered into a contract with Beneficial to borrow $150,595. (First Am. Compl., "FAC," Dkt. No. 72 ¶ 13.) As a term of the contract, Plaintiff gave Beneficial a security interest in the real property located at 2744 Green Island Road, Napa, California. (FAC ¶ 14.) On or around January 31, 2006, Beneficial granted, assigned and transferred its interest under the Deed of Trust, dated January 31, 1991, to Timothy E. Hussey. (FAC ¶ 15.)

Plaintiff alleges that Defendants did not give him notice of the transfer, so he continued to make payments to Beneficial according to the terms of the loan. (FAC ¶¶ 16-17.) Since Plaintiff

was unaware of the transfer, he did not make payments to Hussey, who ultimately foreclosed on the property. (FAC ¶¶ 19-20.)

Plaintiff alleges that after loans was transferred, Beneficial continued to falsely report that Plaintiff maintained an open account for approximately $90,000 on the subject property, when in fact there was no money owing and the account was closed. (FAC ¶¶ 21-22, 30.)

On or around July 2008, Plaintiff received a credit report from the three credit reporting agencies (CRAs)—Transunion, Experian, and Equifax—which all reported that the account was open and listed as "Charged Off." (FAC ¶ 32.) On or around May 10, 2010, Plaintiff applied for a mortgage loan, but he was allegedly denied due to the errant reporting. (FAC ¶ 33.) Plaintiff filed disputes with the CRAs, but the agencies said that the investigations yielded that the reports were correct, and that there would be no change to Plaintiff's credit report. (FAC ¶ 36.)

On or around June 25, 2016, Beneficial sent Plaintiff a letter stating that the loan was settled in 2006 for $50,000. (FAC ¶ 44.) When Plaintiff checked his credit reports on or around June 25, 2016, the account was still reported as "Charged Off," rather than closed. (FAC ¶ 45.)

On July 13, 2018, Defendants filed a motion for judgment on the pleadings. The Court granted the motion with prejudice as to the breach of contract and accounting causes of action, but gave Plaintiff leave to amend the Fair Credit Reporting Act ("FCRA") claim. On December 8, 2018, Plaintiff filed his first amended complaint consisting only of the FCRA claim.

On December 21, 2018, Defendants filed a motion to dismiss to first amended complaint. (Defs.' Mot., Dkt. No. 73.) On January 4, 2019, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 74.) On January 10, 2019, Defendants filed their reply. (Defs.' Reply, Dkt. No. 75.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation

omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

Defendants move to dismiss the first amended complaint on the grounds that it is both time-barred and fails to plead sufficient facts to state a claim under Rule 12(b)(6).

**A. Claim is time-barred.**

Defendants contend that Plaintiff's claim is barred by the statute of limitations. (Defs.' Mot. at 6.) Under the FCRA, a plaintiff must file his lawsuit not later than the earlier of (1) two

3

years after the plaintiff discovers a violation that is the basis for liability or (2) five years after the date of the violation that is the basis for liability. 15 U.S.C. § 1681p. Thus, Defendants argue that Plaintiff's claim accrued in 2010 when he began submitting disputes to the CRAs, triggering the two-year statutory period. (Defs.' Mot. at 6-7.) Defendants argue that even if Plaintiff had not discovered the violation at that time, the five-year period expired in 2015. *Id.* at 7.

In opposition, Plaintiff contends that he did not discover the violation until June 25, 2016, after he received the letter detailing that the loan was sold to Hussey for $50,000. (Pl.'s Opp'n at 4) (citing FAC ¶ 44.) Thus, Plaintiff argues that the statute of limitations did not start to run until 2016, rendering his claim is timely. (Pl.'s Opp'n at 4.)

While the Court understands Plaintiff's predicament, it is undisputed that he first became aware of the allegedly inaccurate reporting in 2010, when he first filed the disputes with the CRAs pertaining to his account with Beneficial. (FAC ¶¶ 33-34.) That he was unaware of the exact balance on the errantly reported account—$90,000 versus $50,000—is insignificant, because he knew that there as a mistake.

Notwithstanding, Plaintiff alleges that Defendants informed him that the error had been corrected in June 2016. Thereafter, Plaintiff discovered that, despite Defendants' representation, the account was still being inaccurately reported as "Charged Off" on his credit report. (FAC ¶ 44-45.) At the hearing, Plaintiff conceded that this was the same error that he first discovered as late as 2010. Therefore, there as no new violation. That Defendants allegedly informed Plaintiff that the credit report had been corrected is irrelevant, because Plaintiff's two-year statute of limitations began to run when he discovered the error. Since seven years passed between the discovery and the filing of the initial complaint, the case is barred by the statute of limitations. Accordingly, the motion to dismiss is granted without leave to amend, because any amendment would be futile.

**B.     Plaintiff fails to state a claim pursuant to Rule 12(b)(6).**

Since the lawsuit is time-barred, the undersigned need not address Defendant's argument that Plaintiff fails to state a cognizable FCRA claim under Rule 12(b)(6). (Defs.' Mot. at 5.)

///

///

**IV. CONCLUSION**

In light of the foregoing, Defendants' motion to dismiss the first amended complaint is GRANTED with prejudice. The Clerk shall close the case.

IT IS SO ORDERED.

Dated: February 7, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge